**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **LUIS ISSAC CARRILLO,** § <br>     **Plaintiff,** § <br> § <br> §                                   **EP-20-CV-120-FM** <br> § <br> **EL PASO COUNTY COMMISSIONERS,** § <br> ***et al.*,** § <br>     **Defendants.** § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

     Plaintiff Luis Issac Carrillo, proceeding *pro se* and in formal pauperis, alleges Defendants violated his constitutional rights when they failed to protect him from other prisoners. Pl.'s Am. Compl. 2–4, ECF No. 16. He seeks injunctive relief and damages through an amended civil rights complaint under 42 U.S.C. § 1983. *Id*. at 7. His claims will be dismissed because they either fail to state a claim or are legally frivolous.

**BACKGROUND**

     Carrillo is prisoner number 9522715 at the El Paso County Jail Annex in El Paso, Texas. *Id.* at 11. He does not clarify whether he is awaiting trial or serving a court-imposed sentence.

     Carrillo filed his original complaint on May 4, 2020. Pl.'s Compl., ECF No. 1-1. His complaint was screened by a magistrate judge who recommended that the Court dismiss it with leave to file an amended complaint. R. & R. 5, ECF No. 2. His amended complaint followed. Pl.'s Am. Compl., ECF No. 16.

     In his amended complaint, Carrillo identifies himself as a former member of the Chuco Tango Prison Gang. *Id*. at 3. He claims that on March 11, 2020, he informed other inmates assigned to his section or "pod"—including Chuco Tango Prison Gang members—that he planned to "exclude" himself from the gang. *Id.* He describes how once he made the

announcement, he was "backed into a corner" by other inmates. *Id*. He reports Defendant Corporal FNU Figueroa noticed something was amiss and entered the pod. *Id*. He adds Figueroa asked the occupants if "anything was wrong?" *Id.* He asserts "the other inmates quickly stated that there [were] no problems." *Id*. But he maintains he sought Figueroa's attention with "pleading eyes and [by] mouthing to him please help." *Id*. He claims Figueroa "ignored" his "gesture and walked out of [the] pod." *Id*. He alleges nine inmates then "repeatedly beat [him] to a pulp knocking [him] unconscious." *Id*. He adds his assailants "dragged him to the . . . shower and [threw him] on the floor [and] left him beaten, bloody," and possibly to die. *Id.*

      Carrillo claims Defendant Officer FNU Corenjudo replaced Figueroa as the result of a shift change which occurred during the assault. *Id*. at 4. He alleges Corenjudo did not notice the assault or intervene in his behalf. *Id*.

      Carrillo observes Defendants El Paso County Commissioners and Defendant Keven Lanahan, the Assistant Chief of the Detention Facility Bureau for the El Paso County Sheriff's Office, are responsible for the operation of the jail. *Id*. at 2. He argues they are also liable to him for the violations of his constitutional rights under either a "*respondeat superior* theory" or because they establish the policies for operating the jail. *Id*. at 4.

      Carrillo seeks an injunction to ensure Defendants protect him from future assaults. *Id*. at 7. He also seeks compensatory and punitive damages, jointly and severally, from each Defendant. *Id.*

**APPLICABLE LAW**

The Court is obliged to screen Carrillo's amended complaint under 28 U.S.C. § 1915A because he is a prisoner who seeks relief from a governmental entity, officer, or employee. When screening a *pro se* plaintiff's complaint, a court must construe the allegations as liberally, holding the plaintiff to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21(1972).  But a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A*., 808 F.2d 358, 359 (5th Cir. 1986).

As part of the screening process, the Court is directed to dismiss a complaint if it determines that the pleading is frivolous or does not state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

When evaluating whether a claim is frivolous, a screening court examines whether there is an arguable legal or factual basis for the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is legally frivolous "if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).   A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.' " *Eason v. Thaler*, 14 F.3d 8 n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

When evaluating whether a complaint states a claim, a screening court applies the same

3

standards which govern a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* Fed. R. Civ. P. 12(b)(6). When deciding a Rule 12(b)(6) motion, a "court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff [but] may not look beyond the pleadings in ruling on the motion." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992)). A court may conclude that complaint fails to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *Twombly*, 550 U.S. at 555–56.

## ANALYSIS

### A. Corporal Figueroa

Carrillo claims on March 11, 2020, he informed other members of the Chuco Tango Prison Gang in his pod he was going to "exclude" himself from the gang. Pl.'s Am. Compl. 3, ECF No. 16. He asserts once he made the announcement, he was "backed into a corner" by other inmates. *Id*. He avers Corporal Figueroa noticed something was not right and entered the

4

pod. *Id*. He adds Figueroa asked the prisoners if "anything was wrong?" *Id*. He reports "the other inmates quickly stated that there [were] no problems." *Id*. But he maintains he sought Figueroa's attention with "pleading eyes and [by] mouthing to him please help." *Id*. He contends Figueroa "ignored" his "gesture and walked out of [the] pod." *Id*. He claims nine inmates then "repeatedly beat [him] to a pulp knocking [him] unconscious. *Id*. He explains he brings this "civil action under 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of [his] rights secured by the Constitution." *Id*. at 1.

"Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating already conferred federal rights." *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). It provides a federal cause of action against "[e]very person" who, acting under color of state law, causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 426 U.S. 40, 49–50 (1999).

Under the Eighth Amendment, "prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. Texas*, 473 F.3d 586, 592–93 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994)). Under the Fourteenth Amendment, jail officials have the same duty to protect pretrial detainees. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 648 (5th Cir. 1996). But not every injury "by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. A plaintiff asserting a viable constitutional claim for a failure to protect him based on an episodic act or omission must show (1) he was objectively "incarcerated under conditions posing a substantial risk of serious harm," and (2) the defendant prison official subjectively had a "sufficiently culpable state of mind." *Farmer*, 511

U.S. at 834.  "[T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id*. (quoting *Wilson v. Seiter*, 501 U.S. 294, 302–303 (1991)).  Prison officials act with deliberate indifference when they are aware of an "excessive risk to inmate . . . safety" and disregard that risk.  *Id*. at 837.  "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact."  *Id*. at 842.  However, no liability exists if an official reasonably responded to a known substantial risk, "even if the harm was ultimately not averted."  *Id*. at 844.

Carrillo reports Figueroa entered the pod when he noticed something was amiss.  Pl.'s Am. Compl. 3, ECF No. 16.  He adds Figueroa clarified from other occupants that nothing was wrong—and left.  *Id.*  He alleges he sought Figueroa's attention with "pleading eyes and [by] mouthing to him please help."  *Id*.  Notably, he does not claim he expressly sought Figueroa's help.

Assuming Carrillo's allegations are true—as the Court must at this stage of the proceedings—Carrillo has not demonstrated that Figueroa acted with deliberate indifference.  *Baker*, 75 F.3d at 196.  Unfortunately, "[p]risons are necessarily dangerous places; they house society's most antisocial and violent people in close proximity with one another."  *Farmer*, 511 U.S. at 858–59 (Thomas, J. concurring).  Regrettably, "[s]ome level of brutality and sexual aggression among [prisoners] is inevitable no matter what the guards do . . . unless all prisoners are locked in their cells 24 hours a day and sedated."  *McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991).  Mindful of these realities, Carrillo has not shown that he was objectively incarcerated under conditions posing a risk of serious harm more substantial than the average prisoner—or that Figueroa subjectively had a sufficiently culpable state of mind.  He has only alleged Figueroa responded to a suspected risk and, once he assessed the situation and

determined there was no problem, decided to leave.  Carrillo's pleading eyes and mouthing words were insufficient to put Figueroa on notice that Carrillo was at immediate risk.  Indeed, he fails to allege that Figueroa had the requisite knowledge that a substantial risk of serious harm existed prior to the incident at issue in his complaint.

Arguably, Figueroa was negligent in not investigating further or calling for further assistance.  But mere negligence in failing to protect a prisoner from an assault does not form the basis of a failure-to-protect claim.  *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990) ("Negligence is not a basis for liability under section 1983.").

Moreover, Carrillo bears responsibility for the assault.  He admits that on March 11, 2020, he initiated the incident when he informed other inmates in his pod—knowing some of them were still active members of his gang—that he planned to "exclude" himself from the gang.  Pl.'s Am. Compl. 3, ECF No. 16.  He also concedes that when he had the opportunity to ask Figueroa for help explicitly, he did not respond with words, but with "pleading eyes and [by] *mouthing* . . . please help."  *Id*. (emphasis added).  Carrillo should not be permitted to benefit financially from an incident he arguably incited.

Overall, the Court finds Carrillo does not allege sufficient facts to raise a reasonable expectation that discovery will reveal sufficient evidence for him to prevail on a failure-to-protect claim against Figueroa.  Further, the Court draws the reasonable inference that Figueroa is not liable for the misconduct alleged.  Consequently, the Court also finds Carrillo's amended complaint fails to state a claim against Figueroa.

### B. Officer Corenjudo

Carrillo also claims that as the assault occurred on March 11, 2020, Officer Corenjudo replaced Figueroa during a shift change. Pl.'s Am. Compl. 4, ECF No. 16. He alleges Corenjudo did not notice the assault or intervene in his behalf. *Id.*

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). In order to hold that prison official liable under § 1983, a plaintiff must show the official was personally and directly involved in conduct causing an alleged deprivation of his constitutional rights—or there was a causal connection between the actions of the official and the constitutional violation he seeks to redress. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) ("In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged"). Additionally, a plaintiff cannot simply make generalized allegations or assert legal or constitutional conclusions to satisfy these requirements. *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). A plaintiff must instead state particular facts specifying the personal involvement of each defendant. *Fee v. Herndon*, 900 F.2d 804 (5th Cir. 1990).

Carrillo does not allege Corenjudo was aware of the attack or personally involved in the violation of his rights. Hence, has not alleged facts which reasonably support a conclusion Corenjudo was deliberately indifferent to a substantial risk of serious harm which existed at the time of the assault. *Holloway v. Oguejiofor*, 166 F. App'x 751, 753 (5th Cir. 2006). Moreover, he has not alleged sufficient facts to raise a reasonable expectation that discovery will reveal

sufficient evidence for him to prevail on a failure-to-protect claim against Corenjudo. As a result, Carrillo's amended complaint fails to state a claim against Corenjudo.

### C. El Paso County Commissioners and Keven Lanahan

Carrillo avers the El Paso County Commissioners and Chief Lanahan have supervisory responsibility for the operation of the jail. Pl.'s Am. Compl. 2, ECF No. 16. He argues they should, therefore, be held liable to him for the violations of his constitutional rights under either a "*respondeat superior* theory" or because they establish the policies for operating the jail. *Id*. at 4.

"Supervisory officials cannot be held liable under section 1983 for the actions of subordinates . . . on any theory of vicarious or *respondeat superior* liability." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Municipalities, including counties, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). But "[m]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official [custom or] policy; and a violation of constitutional rights whose 'moving force' is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694).

Carrillo has identified potential policy makers—the El Paso County Commissioners and Lanahan. But he has not identified a policy statement, ordinance, regulation, or decision authorizing or encouraging inmate assaults. And he has not presented evidence that inmate assaults are so customary as to indicate the existence of an unarticulated policy authorizing or

encouraging them.  In fact, the sole inmate assault alleged in Carrillo's amended complaint is the assault on him on March 11, 2020.   "Isolated violations [of constitutional rights] are not the persistent, often repeated, constant violations, that constitute custom [or] policy as required for municipal section 1983 liability."  *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir.1984)

Carrillo's claims against the El Paso County Commissioners and Lanahan are based on indisputably meritless legal theories and are, therefore, legally frivolous.  *Harper v. Showers*, 174 F.3d 716, 718.

## CONCLUSIONS AND ORDERS

After completing a screening of Carrillo's amended complaint, the Court concludes that his claims are subject to dismissal because they either fail to state a claim or are legally frivolous. Accordingly, the Court will, pursuant to 28 U.S.C. § 1915A, deny his request for injunctive relief and damages, and it will dismiss his amended complaint.  The Court will additionally award Carrillo a strike.  Consequently, the Court enters the following orders:

**IT IS ORDERED** that Plaintiff Luis Issac Carrillo's request for a temporary and a permanent injunction is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Luis Issac Carrillo's amended "Complaint" under 42 U.S.C. § 1983 (ECF No. 16) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the dismissal of Plaintiff Luis Issac Carrillo's

complaint will count as a "**STRIKE**" pursuant to 28 U.S.C. § 1915(g).[1]  The Clerk will therefore provide a copy of this order to the Operations Department for the Western District of Texas.  The Court **ADVISES** Carrillo that should he accumulate three strikes, he may be required to pay the full filing fee when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this **13th** day of November 2020.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[1] *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").